**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 SOUND & COMMUNICATION HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PENSION PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PROFIT SHARING PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 JOINT APPRENTICESHIP AND TRAINING PLAN, and LABOR MANAGEMENT COOPERATIVE COMMITTEE<br>4960 South 12th Street<br>Philadelphia, PA 19112,<br>and<br>LOCAL UNION 98 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS<br>4960 South 12th Street<br>Philadelphia, PA 19112,<br>Plaintiffs,<br>v.<br><br>LCN PARTNERS, INC.<br>d/b/a LCN Communications<br>102 Erikson Avenue, Unit #BUS2<br>Essington, PA 19129<br>and<br>JOSEPH ROBBINS<br>102 Erikson Avenue, Unit #BUS2<br>Essington, PA 19129<br>Defendants. | : | CIVIL ACTION<br>NO. 26-cv-8700 |

# COMPLAINT

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because all Plaintiffs have offices in the Eastern District of Pennsylvania and the breach occurred in the Eastern District of Pennsylvania.

**PARTIES**

3. At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 98 Health & Welfare Fund (hereinafter the "Health Plan"), International Brotherhood of Electrical Workers Local Union No. 98 Sound & Communication Health & Welfare Fund (hereinafter the "SC Health Plan"), the International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan (hereinafter the "Pension Plan"), the International Brotherhood of Electrical Workers Local Union No. 98 Profit Sharing Plan (formerly the Deferred Income Plan) (hereinafter the "Profit Sharing Plan"), and the International Brotherhood of Electrical Workers Local Union No. 98 Joint Apprenticeship and Training Trust Fund (hereinafter the "Apprenticeship Plan") have been, and are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4. At all times relevant hereto, Plaintiff Labor Management Cooperative Committee (hereinafter "LMCC") has been, and is, a joint labor-management cooperation committee created

pursuant to Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. §175(a), and Section 302(c)(9) of the Labor Management Relations Act, 29 U.S.C. §186(c)(9).

5. At all times relevant hereto, Plaintiff Local Union 98 of the International Brotherhood of Electrical Workers (hereinafter "Local 98") has been, and is, an unincorporated association commonly referred to as a labor union and is the exclusive representative for the purposes of collective bargaining of certain employees who are and/or were employed by Defendant LCN Partners, Inc. Corporation, in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

6. Plaintiffs maintain their principal place of business and are administered from offices listed in the caption, which are in the Eastern District of Pennsylvania.

7. Defendant LCN Partners, Inc. (hereinafter the "Employer") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) and now maintains the business address of 102 Erikson Avenue, Unit #BUS2, Essington, PA 19129.

8. Defendant Joseph Robbins is the owner and President of the Employer with control over the assets of the Employer. Robbins maintains a business address at 102 Erikson Avenue, Unit #BUS2, Essington, PA 19129.

9. Defendant Employer is and has been a party to a series of collective bargaining agreements with Local 98 for work performed in Philadelphia and vicinity, known as the Inside Construction Agreement ("Inside CBA") and the Sound and Communication Agreement ("SC CBA") (collectively, the "CBAs"). True and correct copies of the 2026-2029 Inside CBA, the Employer's Letter of Assent thereto, the 2026-2029 SC CBA, and the Employer's Letter of Assent thereto are attached, respectively, as Exhibits A, A-1, B and B-1.

10. By virtue of the CBAs, the Employer agreed:

(a) to deduct contractual deductions from the paychecks of employees covered by the collective bargaining agreement and to timely remit those amounts, and to timely pay contractually required contributions to the Health Plan, SC Health Plan, Pension Plan, Profit Sharing Plan, Apprenticeship Plan, LMCC, and Local 98 (collectively, the "Plaintiffs"). See Exhibit A, Article III, Sections 3.03, 3.04, 3.05, 3.06, 3.07, 3.08, 3.09, and 3.10 and Exhibit B, Article VII, Sections 7.01(a), (b) and 7.16;

(b) to file monthly remittance reports with the Plaintiffs listing all employees for whom contributions were due under the collective bargaining agreement and the total number of hours each such employee worked during that month. See Exhibit A, Article II, Section 2.03(d); Exhibit B, Article VII, Section 701(b); and

(c) to pay liquidated damages and all costs of litigation, including attorneys' fees, expended to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c). Exhibit A, Article III, Section 3.11(b) and Exhibit B, Article VII, Section 7.16.

11. Pursuant to ERISA, the CBAs and the Funds' Policy for Collection of Delinquent Contributions, Payroll Audits, Return of Mistaken Contributions, and Bonding (the "Delinquency Policy"), any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate. A true and correct copy of the Delinquency Policy is attached as Exhibit C hereto.

12. Pursuant to ERISA, the CBAs and the Delinquency Policy, late payments are also charged liquidated damages equal to ten percent (10%) of the principal delinquency.

**COUNT ONE**
**Plaintiffs v. Employer**
**Delinquent Contributions**

13. The above paragraphs are incorporated herein by reference as though duly set forth at length.

14. The remittance reports submitted each month by the Employer are self-reported. That is, the Employer prepares the remittance reports which document the amounts the Employer must pay each month.

15. For the months of July 2026 through September 2026, the Employer submitted remittance reports but failed to timely remit deductions and contributions.

16. After the application of a miscellaneous payment of $13,575.47, the Employer remains significantly delinquent.

17. As of this filing, the Employer owes the Plaintiffs $221,795.05, as follows:

a. Delinquent contributions: $199,100.22 (after application of the miscellaneous payment).

b. Interest: $1,427.26.

c. Liquidated damages: $21,267.57.

See Exhibit D, a copy of the Plaintiffs' Calculation of Amount Due.

18. To date, the Defendant Employer has not paid this outstanding balance.

**WHEREFORE**, Plaintiffs ask that the Court:

a) Enter judgment in favor of the Plaintiffs and against Defendant Employer for $199,100.22 in unpaid principal contributions for period of July 2026 through September 2026, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(A);

b) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for $1,427,26 in interest as of November 2, 2026, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

c) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for such additional interest that accrues on the amounts set forth in (b) above after November 2, 2026, calculated at the I.R.S. rate, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

d) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for $21,267.57 in liquidated damages on late payments of principal and outstanding principal, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(C);

e) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for attorneys' fees and costs, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(D); and

f) Grant any other further relief the court finds just and proper.

**COUNT TWO**
**Plaintiffs v. Employer**
**Payroll Audit**

19. The above paragraphs are incorporated herein by reference as though duly set forth at length.

20. To assure that the correct amounts are reported and paid each month, the Funds have created a policy to conduct periodic payroll audits. See Exhibit C at Section 5.

21. The Funds' outside auditor conducted a payroll audit of the amounts reported and contributed by the Employer for the period from January 1, 2023 through December 31, 2025 under the CBAs ("Audit").

22. The Audit determined that the Defendant Employer underpaid its contributions and failed to remit required wage deductions under both the Inside CBA and the SC CBA in the total amount of $179,521.75. A copy of the Audit is attached hereto as Exhibit E.

23. As of November 4, 2026, the date that the Audit was issued, the principal delinquency identified by the audit had accrued $32,177.01 in interest and $17,952.18 in liquidated damages.

24. Defendant Employer has not paid any of the amounts found to be due under the Audit.

25. Based on the Audit, Defendant Employer owes a total of $179,521.75 in principal contributions and wage deductions for the January 1, 2023 through December 31, 2025 audit period, plus $32,177.01 in interest as of November 4, 2026, and $17,952.18 in liquidated damages.

26. In addition, the delinquent principal contribution and wage deductions have and will accrue additional interest on a daily basis until paid, in accordance with the CBAs, the Funds' delinquency policy, and 29 U.S.C. §1132(g)(2)(B).

**WHEREFORE**, plaintiffs ask that the Court:

g) Enter judgment in favor of the Plaintiffs and against Defendant Employer for $179,521.75 in unpaid principal contributions and wage deductions for the January 1, 2023 through December 31, 2025 audit period, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(A);

h) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for $32,177.01 for interest as of November 4, 2026, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

i) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for such additional interest that accrues on the amounts set forth in (1) after November 4, 2026, calculated at the I.R.S. rate, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

j) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for $17,952.18 in liquidated damages on the principal amounts set forth in (a), pursuant to the CBA and 29 U.S.C. §1132(g)(2)(C);

k) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for attorneys' fees and costs, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(D); and

l) Grant any other further relief the court finds just and proper.

## COUNT THREE

**Health Plan, SC Health Plan, Pension Plan, Profit Sharing Plan, and Apprentice Plan v. Joseph Robbins Breach of Fiduciary Duty**

27. The above paragraphs are incorporated herein by reference as though duly set forth at length.

28. Section 2(b) of the Health Plan's Trust Agreement, as amended on July 28, 2004, states as follows:

> Title to all monies paid into the said Fund shall be vested in the Trustees of the Fund, in trust as of the date the employer's obligation to contribute arises.

A true and correct copy of the Health Plan's Trust Agreement's July 28, 2004 amendment is attached hereto as Exhibit F.

29. Article II, Section 2.2 of the SC Health Plan's Trust Agreement, as amended in 2005, Article IV, Section 4.1(d) of the Pension Plan's Trust Agreement, as amended on January 3, 2008; Article III, Section 3.1(d) of the Profit-Sharing Plan's Trust Agreement, as amended on January 3, 2008; and Article IV, Section 4.1(d) of the Apprenticeship Plan's Trust Agreement, as amended on January 3, 2008, each state as follows:

> Title to and possession of all monies which are contributions to be paid into the Fund shall be vested in the Trustees of the Fund as of the date the Covered Employer's obligation to contribute arises.

Exhibits G, H, I and J respectively.

30. Pursuant to the Agreements and Declarations of Trust governing each of the Plaintiff Funds, the title to and possession of all monies which are contributions to be paid into the Funds are vested in the Trustees of the Funds as of the date the employer's obligation to contribute arises.

31. Once employees of the Employer performed bargaining unit work, the monies due to the Funds became an asset of the Funds upon the date such amounts became due pursuant to the CBA.

32. At all relevant times, Defendant Robbins has been, and is, the owner and President of the Defendant Employer. In this capacity, Defendant Robbins was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the Plaintiffs.

33. Thus, Defendant Robbins exercised control over the disposition of money that became a plan asset immediately upon the date the Employer's obligation to contribute arose.

34. Based on the functions that Defendant Robbins performed, he individually maintained both formal and practical authority to direct that proper fringe benefit contributions be paid to the Plaintiffs at all times relevant hereto.

35. Based on the functions that Defendant Robbins performed, he exercised authority and control over the management and disposition of certain Trust Fund assets.

36. As a result of exercising control and management over Trust Fund assets, Defendant Robbins is a fiduciary under ERISA.

37. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries... for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

38. A fiduciary who uses Trust Fund assets to satisfy other personal or business obligations breaches the fiduciary duty under ERISA.

39. Because Defendant Robbins willfully and intentionally used Trust Fund assets contained within their personal accounts and the accounts of Defendant Employer for purposes other than the exclusive purpose of providing benefits to the Trust Fund participant and beneficiaries, Defendant Robbins breached his fiduciary duty.

40. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

41. Defendant Robbins is personally liable for the portion of the principal contributions, and interest and liquidated damages attributed thereto, due to the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan under ERISA, jointly and severally with the Defendant Employer.

**WHEREFORE**, Plaintiffs ask that the Court:

a) Declare that Joseph Robbins is a fiduciary of the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan by virtue of his individual exercise and control of plan assets and he be found in breach of their fiduciary duties;

b) Enter judgment against Joseph Robbins finding him liable, jointly, and severally, with Defendant Employer for the portion of the principal delinquency due to the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan, as well as the interest, liquidated damages and attorneys' fees and costs on said amounts as found to be owed by Defendant Employer in this matter; and

c) Grant any other further relief the court finds just and proper.

SPEAR WILDERMAN, P.C.

BY: /s/ *William T. Josem*
WILLIAM T. JOSEM, ESQUIRE
RYAN R. SWEENEY, ESQUIRE
230 South Broad Street, Suite 1650
Philadelphia, PA 19102
(215) 732-0101
wtjosem@spearwilderman.com
rsweeney@spearwilderman.com

DATED: November 13, 2026